# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
LIN, ET. AL,                                          )
                                                      )
                        Plaintiffs,                   )        Civil Action No. 06-1825 (RMC)
                                                      )
            vs.                                       )
                                                      )
UNITED STATES OF AMERICA,                             )
                                                      )
                        Defendant.                    )
_____)

## MOTION TO STAY THE PARTIES' OBLIGATIONS UNDER RULE 26

Defendant, by and through undersigned counsel, respectfully move this Court pursuant to

Rule 26(c) of the Federal Rules of Civil Procedure to stay all discovery, including the initial

Rule 26(f) conference, initial disclosures required under Rule 26(a), and the Rule 26(f) Joint

Status report, pending resolution of Defendant's Motion to Dismiss Plaintiff's Complaint.

Pursuant to Local Rule 7(m) and in accordance with Rule 26(c) of the Federal Rules of Civil

Procedure, undersigned counsel certifies that he has conferred with plaintiff's counsel regarding

this motion and that plaintiff's counsel does not consent to the requested stay of discovery.


Dated: July 16, 2007                    Respectfully submitted,
                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        JEFFREY A. TAYLOR
                                        United States Attorney for the District of Columbia

                                        VINCENT M. GARVEY
                                        Deputy Director, Federal Programs Branch

                                        _/s/_____
                                        ADAM D. KIRSCHNER
                                        Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C., 20044
<u>Delivery Address</u>
20 Massachusetts Ave., NW., Room 7126
Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIN, ET. AL, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-1825 (RMC) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE PARTIES' OBLIGATIONS UNDER RULE 26

Defendant moves to stay all discovery in this case until after the Court rules on defendant's Motion to Dismiss (Docket Entry #17) because so doing promotes efficiency and avoids conducting needless discovery.  There is a high likelihood that this case will be resolved without the need for discovery.  Plaintiffs are asking this Court to declare them nationals of the United States due to the mere fact that they reside in Taiwan.  See Pl. Am. Compl. at ¶¶ 6,7. Defendant has moved to dismiss this action on the grounds that it presents a non-justiciable political question and plaintiffs have failed to state a claim under the Immigration and Nationality Act.  This motion, which has been fully briefed, provides a purely legal basis for disposing of this action.  Accordingly, discovery would not assist this Court in deciding this potentially dispositive motion.

## BACKGROUND

On October 24, 2006, plaintiffs brought this action seeking a declaration that they are United States nationals.  After full briefing on defendant's motion to dismiss, plaintiffs amended their complaint to add that they were allegedly improperly denied passport applications.

Defendant moved for a second time to dismiss this action in its entirety. That motion to dismiss the was fully briefed on April 30, 2007. Almost two months later, plaintiffs sent discovery, dated June 26, 2007, to undersigned counsel even though the parties had never conducted a Rule 26(f) conference. Under Rule 26(d), discovery is not to commence until after such a conference. See Fed. R. Civ. Proc. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Plaintiffs have now withdrawn those discovery requests but are now seeking to have a Rule 26(f) conference. Plaintiffs presumably seek the conference as a necessary precondition to commence discovery.[1] Because defendant does not believe that discovery is appropriate in this case, particularly at this juncture in the case, defendant is moving for a stay of discovery, including the parties obligations under 26(f).

## ARGUMENT

Defendant's Motion to Dismiss is potentially dispositive of this action, and therefore conducting discovery prior to the resolution of that motion is a waste of resources and an undue burden. Courts have consistently exercised such discretion to stay discovery where it appears

---

[1]Although plaintiffs' discovery was withdrawn, discovery of the scope and extent that plaintiffs contemplated at this stage of the proceedings indicates the burdensome and objectionable nature of the discovery they seek. For example, plaintiffs sought admissions that included asking the United States to "[a]dmit that Taiwanese People never issued a declaration of self-determination after 1930" as well as to "[a]dmit that all military attacks against (Japanese) Taiwan in the December 1941 through Fall 1945 period were conducted by United States military forces." Plaintiffs' First Set of Requests for Admission to Defendant ("Exhibit 1") at ¶¶ 22, 29. The interrogatories included asking the United States to "[i]dentify any and all treaties, international agreements, statutes, executive orders, memoranda, bulletins, and other Documents concerning or containing the United States' policy towards Taiwan," Plaintiffs' First Set of Interrogatories to Defendant ("Exhibit 2") at ¶ 8, and the documents requests included seeking "all Documents pertaining to any country exercising *de jure* and/or *de facto* sovereignty over Taiwan since 1890," Plaintiffs' First Set of Document Requests to Defendant (Exhibit 3) at ¶ 17.

that a case is subject to a potentially dispositive motion.  <u>See, e.g.</u>, <u>Chavous v. Dist. of Columbia</u>

<u>Fin. Responsibility and Mgmt. Assistance Auth.</u>, 201 F.R.D. 1, 2 (D. D.C. 2001) ("It is well

settled that discovery is generally considered inappropriate while a motion that would be

thoroughly dispositive of the claims in the Complaint is pending.") (internal quotation marks

omitted); <u>Patterson v. United States</u>, 901 F.2d 927, 929 (11th Cir. 1990) (holding that a district

court did not abuse its discretion in entering protective order prohibiting discovery pending

determination of motion to dismiss or for summary judgment); <u>Jarvis v. Regan</u>, 833 F.2d 149,

155 (9th Cir. 1987); <u>Petrus v. Bowen</u>, 833 F.2d 581, 583 (5th Cir. 1987) (citing <u>Landis v. North</u>

<u>Am. Co.</u>, 299 U.S. 248, 254 (1936)).

        Staying discovery pending the outcome of a motion to dismiss is especially appropriate

where, as here, that motion challenges the court's jurisdiction to hear some or all of the counts of

the complaint. <u>See</u> 8 C. Wright, A. Miller, & R. Marcus, <u>Federal Practice and Procedure</u> § 2040

(2d ed. 1994) ("[A] a court may decide that in a particular case it would be wise to stay

discovery on the merits until challenges to jurisdiction have been resolved."); <u>see also</u> <u>U.S.</u>

<u>Catholic Conference v. Abortion Rights Mobilization, Inc.</u>, 487 U.S. 72, 79-80 (1988) ("It is a

recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a

determination of jurisdictional matters").  "[J]urisdiction is power to declare the law," and

without it, "the only function remaining to the court is that of announcing the fact and dismissing

the cause."  <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998).  In its motion

to dismiss, defendant asserted that this entire action should be dismissed not only because it fails

to state a claim upon which relief may be granted but also because it raises a non-justiciable

political question.  As defendant maintained in its motion to dismiss, it is a non-justiciable

political question for this Court to determine the status of Taiwan and declare the United States

sovereign over Taiwan.  Given that the motion to dismiss presents a challenge to this Court's

jurisdiction to hear this action, it is particularly burdensome, as indicated by the above authority,

for discovery to proceed while the motion to dismiss is pending.

In this case, a stay of discovery is also particularly appropriate because discovery would

not assist this Court in resolving the current motion to dismiss.  See Modela v. New York Times

Co., 137 F.R.D. 1 (D.D.C. 1990) (staying discovery in part because "the Court is not of the view

that further discovery is necessary to sustain an opposition to the motion").  Defendant relied on

purely legal grounds for why this Court should dismiss plaintiff's complaint.  Furthermore, the

motion to dismiss the original complaint was fully briefed on March 8, 2007, over four months

ago, and the current motion to dismiss was fully briefed more than two months ago.

Accordingly, in the interest of judicial economy, defendant respectfully asks this Court to stay

discovery, including all Rule 26 obligations, until after the motion to dismiss has been decided.


Dated: July 16, 2007                       Respectfully submitted,
                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           JEFFREY A. TAYLOR
                                           United States Attorney for the District of Columbia

                                           VINCENT M. GARVEY
                                           Deputy Director, Federal Programs Branch

                                           _/s/_____
                                           ADAM D. KIRSCHNER
                                           Trial Attorney
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           Mailing Address

- 4 -

P.O. Box 883
Washington, D.C., 20044
<u>Delivery Address</u>
20 Massachusetts Ave., NW., Room 7126
Washington, DC 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
Adam.Kirschner@usdoj.gov

COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. ROGER C. S. LIN, *ET AL.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1825 (RMC) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

Plaintiffs Dr. Roger C. S. Lin *et al.* ("Plaintiffs"), through counsel, in accordance with the Federal Rule of Civil Procedure 36 hereby request Defendant the United States of America ("Defendant") to admit the truth of the matters set forth below in these Requests for Admissions ("Requests"). All answers shall be provided to Charles H. Camp, Law Offices of Charles H. Camp, 1319 Eighteenth Street, N.W., Washington, D.C. 20036, by not later than thirty (30) days from the service of these Requests upon Defendant.

## INSTRUCTIONS AND DEFINITIONS

1.      Each matter is admitted unless, within 30 days after service of these Requests, Defendant serves a written answer or objection addressed to the matter, signed by Defendant or its attorneys.

2.      If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter

of which an admission is requested, it shall specify so much of it as is true and qualify or deny the remainder.

3.      Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless they state that they have made reasonable inquiry and that the information known or readily obtainable by them is insufficient to enable them to admit or deny.

4.      If Defendant does not admit an item, it shall:

   (a)   Produce to Plaintiffs all Documents concerning the requested admission in their possession, custody or control;

   (b)   State, with particularity, the factual basis upon which their response is based; and

   (c)   Identify each and every Person with knowledge of the requested admission.

5.      The "Allied Powers" means, according to Article 23(a) of the San Francisco Peace Treaty (defined herein), "Australia, Canada, Ceylon, France, Indonesia, the Kingdom of the Netherlands, New Zealand, Pakistan, the Republic of the Philippines, the United Kingdom of Great Britain and Northern Ireland, and the United States of America."

6.      "Amended Complaint" means Plaintiffs' March 19, 2007 Amended Complaint for Declaratory Relief.

7.      "AIT" means American Institute in Taiwan, an entity formed pursuant to the TRA (as defined herein) and performing functions typically performed by the United States embassies and consulates abroad (such as processing passport and visa applications).

8.      "Communications" means any and all of the following: writings, oral communication, conversations by telephone, e-mail, meetings, and any contact, oral or written,

formal or informal, at any time or place, and under any circumstances whatsoever in which any information of any nature was transmitted or exchanged in any form.

9.    "Defendant" means the United States of America and its agencies, departments, instrumentalities, and all territories over which the United States exercises sovereignty.

10.    "Document" shall have the broadest definition and scope under the Federal Rule of Civil Procedure 34 and shall include without limitation, any and all treaties, agreements, letters, Communications, communiqué, statements, memoranda, manuals, writings, drawings, graphs, charts, photography, electronic data or digitally encoded data, Electronic Documents (as defined herein), database, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by Defendant through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof, and all copies bearing notations and marks not found on the original.  The term "document," shall also include, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic or other format(s) audit work papers (whether in paper, database, electronic or other format(s) books, books of account, account statements, cables, calendars, charts, checks (canceled or uncanceled), check stubs, confirmations, contracts, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners', members' and employees' personnel files, partners', members' and employees' review check lists, permanent files, pictures, press releases projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, videotapes, vouchers, work papers, and copies of all of the above.  The term "document" also

includes, without limitations, any document now or at any time in the possession, custody or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including without limitations, work product contracted by you from others. Documents that are identical, but in the possession of more than one person or entity, are separate documents within the meaning of this term. A draft or non-identical copy is a separate Document within the meaning of this term.

11.    "Electronic Document" means any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial or work-in progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file or file fragment. "Electronic data" also includes, without limitation, any items stored on computer memory or memories, hard disks, floppy discs, zip drives, CD-ROM discs, Bernoulli Boxes or their

equivalents, magnetic tapes of any type or kind, microfiche, punched cards, punched tape, computer chips (including, without limitation, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

12.    "General Order No. 1" means the General Order No. 1 issued by the Supreme Commander for the Allied Powers General Douglas MacArthur on September 2, 1945, and published in J.C.S. 1467/2.

13.    "Passport Application" means Form DS-11 Application for a U.S. Passport.

14.    "Person" or "persons" means natural person(s), trust(s), corporation(s) of all types, partnership(s) of all types, joint venture(s) of all types, unincorporated association(s) of all types, and all other entities or organizations of all types.

15.    "Plaintiffs" mean Dr. Roger C. S. Lin, Chien-Ming Huang, Chou Chang, Ching-Yao Hou, Chen-Hua Liu, Chen-Ni Wu, Yang-Lung Yang, Yao-Jhih Ye, Ching-Wen Yen, A-Chu YuChiang, and the Taiwan Nation Party.

16.    "PRC" means People's Republic of China.

17.    "ROC" means the Republic of China.

18.    "SFPT" or the "San Francisco Peace Treaty" means the Treaty of Peace with Japan, signed in San Francisco on September 8, 1951, by the Allied Powers and Japan, and entered into force on April 28, 1952. *See* 136 U.N.T.S. 46.

19.    "Taiwan" means the islands of Taiwan (formerly called "Formosa") and the Pescadores.

20.    "Taiwanese People" means natural persons who meet the following criteria: (1) being born of a mother and/or father who, as of October 25, 1945, was/were considered native to the areas of Formosa and the Pescadores, including their descendants up to the present, and (2) currently having Household Registration in the areas of Formosa and the Pescadores.

21.    "TRA" means the Taiwan Relations Act, 22 U.S.C. §§ 3301-3316 (2007).

22.    "USMG" means United States Military Government.

23.    "You" or "your" means or refers to Defendant (as defined above).

## REQUESTS FOR ADMISSIONS

1.    Admit that there is no Document (including any ratified treaty) that has modified or revoked any provisions of the SFPT.

2.    Admit that the SFPT remained in force as of the filing of the Amended Complaint.

3.    Admit that the United States was and remains the "principal occupying Power" of Formosa and the Pescadores under the SFPT.

4.    Admit that General Douglas McArthur was authorized by the President of the United States to sign General Order No. 1 on behalf of the United States.

5.    Admit that there is no Document modifying or revoking any terms of General Order No. 1 relating to Generalissimo Chiang Kai-shek.

6.    Admit that USMG jurisdiction over Taiwan established after the surrender of the Japanese troops in Taiwan.

7.    Admit that USMG jurisdiction over Taiwan continued after the ratification of the SFPT.

8.    Admit that the United States never issued a formal declaration that the occupation of Taiwan has ended.

9.    Admit that the USMG never formally terminated its jurisdiction over Taiwan following the Japanese surrender.

10.    Admit that ROC occupied Taiwan on behalf of (*i.e.*, as a representative of) the Allied Powers, led by the United States.

11.    Admit that when the ROC regime moved to occupied Taiwan in December 1949, it became a government in exile.

12.    Admit that the ROC did not obtain the title to or sovereignty over Taiwan under the SFPT.

13.    Admit that the ROC did not obtain the title to or sovereignty over Taiwan pursuant to any Document following the SFPT.

14.    Admit that following General Order No. 1, there is no Document terminating the agency relationship between the Allied Powers, led by the United States, as principal, and the ROC, as agent.

15.    Admit that Taiwanese People owe permanent allegiance to the United States, the "principal occupying Power" under the SFPT, until sovereignty over Taiwan is resolved or established.

16.    Admit that the United States does not recognize Taiwan as a sovereign state.

17.    Admit that the United States does not maintain diplomatic relations with Taiwan.

18.    Admit that the United States does not have an embassy in Taiwan.

19.    Admit that the United States does not have a consulate in Taiwan.

20.    Admit that Taiwan is not a member of the United Nations.

21.    Admit that the ROC is not a member of the United Nations, having been expelled on October 25, 1971.

22.    Admit that Taiwanese People never issued a declaration of self-determination after 1930.

23.    Admit that on March 29, 2006, individual Plaintiffs attempted to submit Passport Applications to the AIT's Taipei Office.

24.    Admit that the AIT's Taipei Office refused to accept the individual Plaintiffs' Passport Applications submitted on March 29, 2006.

25.    Admit that the AIT refused to process the individual Plaintiffs' Passport Applications submitted on March 29, 2006.

26.    Admit that the AIT did not provide a written explanation for refusal to accept and/or process the individual Plaintiffs' Passport Applications.

27.    Admit that the AIT did not provide an oral explanation for refusal to accept and/or process the individual Plaintiffs' Passport Applications.

28.    Admit that the AIT's Taipei Office denied the individual Plaintiffs access to the AIT for the purpose of resubmitting the Passport Applications.

29.    Admit that all military attacks against (Japanese) Taiwan in the December 1941 through Fall 1945 period were conducted by United States military forces.

Respectfully submitted,

Charles H. Camp (D.C. Bar No. 4 (3575)
LAW OFFICES OF CHARLES H. CAMP
1319 Eighteenth Street, N.W.
Washington, D.C. 20036
Telephone: (202) 457-7786
Facsimile: (202) 457-7788
E-mail: ccamp@charlescamplaw.com

**Counsel for Plaintiffs**

Date: June 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Plaintiffs' First Set of Requests for Admission via pre-paid First Class U.S. Mail on the following counsel for Defendant this 26th day of June 2007:

Adam D. Kirschner
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

_____
Charles H. Camp

## UNITES STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. ROGER C. S. LIN, *ET AL.*,     )
     )
     )
    **Plaintiffs,**     )
     )
     v.     )     **Civil Action No. 06-1825 (RMC)**
     )
**UNITED STATES OF AMERICA,**     )
     )
    **Defendant.**     )
     )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiffs Dr. Roger C. S. Lin *et al.* ("Plaintiffs"), through counsel, in accordance with the Federal Rule of Civil Procedure 33, hereby propound upon Defendant the United States of America ("Defendant") the Interrogatories set forth below.  All answers shall be provided to Charles H. Camp, Law Offices of Charles H. Camp, 1319 Eighteenth Street, N.W., Washington, D.C. 20036, by not later than thirty (30) days from the service of these Interrogatories upon Defendant.

## INSTRUCTIONS AND DEFINITIONS

1.     These Interrogatories shall be answered and responded to separately and fully in writing under oath.  The answers and responses are to be signed by the person making them and the objections signed by the attorney making them.

2.     All information to be divulged includes information within the knowledge, possession or control of you or in the possession of yourself, your agents and attorneys, or appearing in your records.

3.     Furnish all information, however obtained, including hearsay information, that is available to you and information known by you or in the possession of yourself, your agents and

attorneys, or appearing in your records.

4.      If you cannot answer any Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the answered portion, the reason why you could not answer fully and detail what you did in attempting to secure the unknown information.

5.      If any information requested by these Interrogatories was, but is no longer, in your possession or subject to your control, or is no longer in existence, state whether it is missing or lost; has been destroyed; has been transferred, voluntarily or involuntarily, to others; has been otherwise disposed of, and in each such instance explain the circumstances surrounding such disposition, give the date or approximate date thereof and the names and last known home and business addresses of the persons with knowledge of such circumstances; or identify the documents that are missing, lost, destroyed, transferred or otherwise disposed of by author, date, subject matter, addresses and number of pages.

6.      If you object to any of these Interrogatories, in whole or in part, please state clearly the basis for the objection.   If a privilege is claimed, please identify any document or communication for which a privilege is claimed and set forth the nature of the privilege asserted.

7.      These Interrogatories shall be deemed to be continuing pursuant to the Federal Rule of Civil Procedure 26(e).  You are under a continuing duty to timely supplement your responses to these Interrogatories, and to correct any responses that you know or later learn to be incorrect.

8.      Unless incompatible with the intent of the questions where used, singular words shall be construed to include the plural and vice versa, and pronouns of any gender shall be construed to include masculine and feminine genders.

9. The "Allied Powers" means, according to Article 23(a) of the San Francisco Peace Treaty (defined herein), "Australia, Canada, Ceylon, France, Indonesia, the Kingdom of the Netherlands, New Zealand, Pakistan, the Republic of the Philippines, the United Kingdom of Great Britain and Northern Ireland, and the United States of America."

10. "Amended Complaint" means Plaintiffs' March 19, 2007 Amended Complaint for Declaratory Relief.

11. "AIT" means American Institute in Taiwan, an entity formed pursuant to the TRA (as defined herein) and performing functions typically performed by the United States embassies and consulates abroad (such as processing passport and visa applications).

12. "Communications" means any and all of the following: writings, oral communication, conversations by telephone, e-mail, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever in which any information of any nature was transmitted or exchanged in any form.

13. "Defendant" means the United States of America and its agencies, departments, instrumentalities, and all territories over which the United States exercises sovereignty.

14. "Document" shall have the broadest definition and scope under the Federal Rule of Civil Procedure 34 and shall include without limitation, any and all treaties, agreements, letters, Communications, communiqué, statements, memoranda, manuals, writings, drawings, graphs, charts, photography, electronic data or digitally encoded data, Electronic Documents (as defined herein), database, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by Defendant through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof, and all copies bearing notations and marks not found on the original. The term "document," shall also include,

without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic or other format(s) audit work papers (whether in paper, database, electronic or other format(s) books, books of account, account statements, cables, calendars, charts, checks (canceled or uncanceled), check stubs, confirmations, contracts, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners', members' and employees' personnel files, partners', members' and employees' review check lists, permanent files, pictures, press releases projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, videotapes, vouchers, work papers, and copies of all of the above. The term "document" also includes, without limitations, any document now or at any time in the possession, custody or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including without limitations, work product contracted by you from others. Documents that are identical, but in the possession of more than one person or entity, are separate documents within the meaning of this term. A draft or non-identical copy is a separate Document within the meaning of this term.

15. "Electronic Document" means any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks,

transmission notations or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial or work-in progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file or file fragment. "Electronic data" also includes, without limitation, any items stored on computer memory or memories, hard disks, floppy discs, zip drives, CD-ROM discs, Bernoulli Boxes or their equivalents, magnetic tapes of any type or kind, microfiche, punched cards, punched tape, computer chips (including, without limitation, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

16.    "General Order No. 1" means the General Order No. 1 issued by the Supreme Commander for the Allied Powers General Douglas MacArthur on September 2, 1945, and published in J.C.S. 1467/2.

17.    "Motion to Dismiss" means Defendant's April 5, 2007 Motion to Dismiss Plaintiffs' Amended Complaint (defined herein), the supporting Memorandum, proposed Order, and Exhibits.

18.    "Passport Application" means Form DS-11 Application for a U.S. Passport.

19.    "Person" or "persons" means natural person(s), trust(s), corporation(s) of all types, partnership(s) of all types, joint venture(s) of all types, unincorporated association(s) of all types, and all other entities or organizations of all types.

20.    "Plaintiffs" mean Dr. Roger C. S. Lin, Chien-Ming Huang, Chou Chang, Ching-Yao Hou, Chen-Hua Liu, Chen-Ni Wu, Yang-Lung Yang, Yao-Jhih Ye, Ching-Wen Yen, A-Chu YuChiang, and the Taiwan Nation Party.

21.    "PRC" means People's Republic of China.

22.    "ROC" means the Republic of China.

23.    "SFPT" or the "San Francisco Peace Treaty" means the Treaty of Peace with Japan, signed in San Francisco on September 8, 1951, by the Allied Powers and Japan, and entered into force on April 28, 1952. *See* 136 U.N.T.S. 46.

24.    "Taiwan" means the islands of Taiwan (formerly called "Formosa") and the Pescadores.

25.    "TRA" means the Taiwan Relations Act, 22 U.S.C. §§ 3301-3316 (2007).

26.    "USMG" means United States Military Government.

27.    "You" or "your" means or refers to Defendant (as defined above).

## INTERROGATORIES

### Interrogatory No. 1:

Describe in detail all factual bases for Defendant's assertion in the Motion to Dismiss that "[t]he political branches have made it clear . . . that the United States does not exercise sovereignty over Taiwan."

### Answer to Interrogatory No. 1:

### Interrogatory No. 2:

Identify any and all Documents, including any ratified treaties, that have modified or revoked any provisions of the SFPT.

**Answer to Interrogatory No. 2:**

**Interrogatory No. 3:**

Define the phrase "principal occupying Power" as used in the SFPT, and identify the country which was and remains the "principal occupying Power" pursuant to the SFPT.

**Answer to Interrogatory No. 3:**

**Interrogatory No. 4:**

Identify and describe any and all Documents that have modified or revoked any terms of General Order No. 1.

**Answer to Interrogatory No. 4:**

**Interrogatory No. 5:**

Identify and describe any and all Documents terminating the agency relationship between the Allied Powers, led by the United States, as principal, and the ROC, as agent.

**Answer to Interrogatory No. 5:**

**Interrogatory No. 6:**

Describe in detail all AIT's policies and guidelines regarding the acceptance, rejection, and/or processing of non-citizen national passport applications.

**Answer to Interrogatory No. 6:**

**Interrogatory No. 7:**

Describe in detail all reasons why the AIT determined not to accept and/or process the individual Plaintiffs' Passport Applications submitted on March 29, 2006.

**Answer to Interrogatory No. 7:**

**Interrogatory No. 8:**

Identify any and all treaties, international agreements, statutes, executive orders, memoranda, bulletins, and other Documents concerning or containing the United States' policy towards Taiwan.

**Answer to Interrogatory No. 8:**

**Interrogatory No. 9:**

Identify any and all treaties, international agreements, and other Documents concerning any prior, future, planned, or anticipated transfers of title or sovereignty over Taiwan.

**Answer to Interrogatory No. 9:**

**Interrogatory No. 10:**

Identify any and all treaties, international agreements, and other Documents under which the ROC and/or the PRC obtained any right, title, or interest in, or sovereignty over Taiwan.

**Answer to Interrogatory No. 10:**

**Interrogatory No. 11:**

Describe in detail the standards for the issuance of passports and/or other travel documents to non-U.S. citizen nationals by the AIT in Taiwan on behalf of the United States.

**Answer to Interrogatory No. 11:**

**Interrogatory No. 12:**

Identify and describe any and all Documents containing or concerning Defendant's declaration or statement that the post-Japanese surrender occupation of Taiwan has ended.

**Answer to Interrogatory No. 12:**

**Interrogatory No. 13:**

Identify and describe any and all Documents containing or concerning the withdrawal or end of USMG jurisdiction over Taiwan.

**Answer to Interrogatory No. 13:**

**Interrogatory No. 14:**

Identify any and all government offices and Persons consulted and/or assisting in the preparation of the responses to each of the foregoing Interrogatories.

**Answer to Interrogatory No. 14:**

**Interrogatory No. 15:**

Identify any and all Documents reviewed in connection with the preparation of the responses to each of the foregoing Interrogatories.

**Answer to Interrogatory No. 15:**

Respectfully submitted,

Charles H. Camp (D.C. Bar No. 413575)
LAW OFFICES OF CHARLES H. CAMP
1319 Eighteenth Street, N.W.
Washington, D.C. 20036
Telephone: (202) 457-7786
Facsimile: (202) 457-7788
E-mail: ccamp@charlescamplaw.com

**Counsel for Plaintiffs**

Date: June 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I served via pre-paid First Class U.S. Mail the foregoing Plaintiffs'

First Set of Document Requests on the following counsel for Defendant this 26th day of June

2007:


Adam D. Kirschner
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044


_____
Charles H. Camp

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ROGER C. S. LIN, *ET AL.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 06-1825 (RMC) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT

Plaintiffs Dr. Roger C. S. Lin *et al.* ("Plaintiffs"), through counsel, in accordance with the Federal Rule of Civil Procedure 34, propound upon Defendant United States of America the requests for production of documents ("Document Requests") set forth below.  All responsive documents shall be provided for inspection and copying to Charles H. Camp, Law Offices of Charles H. Camp, 1319 Eighteenth Street, N.W., Washington, D.C. 20036, by not later than thirty (30) days from the service of these Document Requests upon Defendant.

## INSTRUCTIONS AND DEFINITIONS

1.    The documents to be produced include documents within the possession, custody, or control of you, or your agents and attorneys.

2.    Produce all documents, however obtained, available to you, or your agents and attorneys, or appearing in your records.

3.    If any document requested by these Document Requests was, but is no longer, in your possession or subject to your control, or is no longer in existence, state whether it is missing or lost; has been destroyed; has been transferred, voluntarily or involuntarily, to others; has been otherwise disposed of, and in each such instance explain the circumstances surrounding such disposition, give the date or

approximate date thereof and the names and last known home and business addresses of the persons

with knowledge of such circumstances; or identify the documents that are missing, lost, destroyed,

transferred or otherwise disposed of by author, date, subject matter, addresses and number of pages.

4.    If you object to any of these Document Requests, in whole or in part, please state clearly the

basis for the objection.  If a privilege is claimed, please identify any document or communication for which

a privilege is claimed and set forth the nature of the privilege asserted.

5.    These Document Requests shall be deemed to be continuing pursuant to the Federal Rule of

Civil Procedure 26(e).  You are under a continuing duty to timely supplement your responses to these

Document Requests.

6.    Unless incompatible with the intent of the questions where used, singular words shall be

construed to include the plural and vice versa, and pronouns of any gender shall be construed to include

masculine and feminine genders.

7.    The "Allied Powers" means, according to Article 23(a) of the San Francisco Peace Treaty

(defined herein), "Australia, Canada, Ceylon, France, Indonesia, the Kingdom of the Netherlands, New

Zealand, Pakistan, the Republic of the Philippines, the United Kingdom of Great Britain and Northern

Ireland, and the United States of America."

8.    "Amended Complaint" means Plaintiffs' March 19, 2007 Amended Complaint for

Declaratory Relief.

9.    "AIT" means the American Institute in Taiwan, an entity formed pursuant to the TRA (as

defined herein) and performing functions typically performed by the United States embassies and

consulates abroad (such as processing passport and visa applications).

10.    "Communications" means any and all of the following: writings, oral communication,

conversations by telephone, e-mail, meetings, and any contact, oral or written, formal or informal, at any

time or place, and under any circumstances whatsoever in which any information of any nature was transmitted or exchanged in any form.

11. "Defendant" means the United States of America and its agencies, departments, instrumentalities, and all territories over which the United States exercises sovereignty.

12. "Document" shall have the broadest definition and scope under the Federal Rule of Civil Procedure 34 and shall include without limitation, any and all treaties, agreements, letters, Communications, communiqué, statements, memoranda, manuals, writings, drawings, graphs, charts, photography, electronic data or digitally encoded data, Electronic Documents (as defined herein), database, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by Defendant through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof, and all copies bearing notations and marks not found on the original. The term "document," shall also include, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic or other format(s) audit work papers (whether in paper, database, electronic or other format(s) books, books of account, account statements, cables, calendars, charts, checks (canceled or uncanceled), check stubs, confirmations, contracts, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners', members' and employees' personnel files, partners', members' and employees' review check lists, permanent files, pictures, press releases projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, videotapes, vouchers, work papers, and copies of all of the above. The term "document" also includes, without limitations, any document now or at any time in the possession, custody or control of the entity to whom this document

request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including without limitations, work product contracted by you from others. Documents that are identical, but in the possession of more than one person or entity, are separate documents within the meaning of this term. A draft or non-identical copy is a separate Document within the meaning of this term.

13.    "Electronic Document" means any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial or work-in progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file or file fragment. "Electronic data" also includes, without limitation, any items stored on computer memory or memories, hard disks, floppy discs, zip drives, CD-ROM discs, Bernoulli Boxes or their equivalents, magnetic tapes of any type or kind, microfiche, punched cards, punched tape, computer chips (including, without limitation, EPROM, PROM, ROM or RAM of any kind) on or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs or containers and

labels appended to or associated with any physical storage device associated with each original and each copy.

14.     "General Order No. 1" means the General Order No. 1 issued by the Supreme Commander for the Allied Powers General Douglas MacArthur on Sept. 2, 1945, and published in J.C.S. 1467/2.

15.     "MOFA" means ROC's Ministry of Foreign Affairs.

16.     "Motion to Dismiss" means Defendant's April 5, 2007 Motion to Dismiss Plaintiffs' Amended Complaint (defined herein), the supporting Memorandum, proposed Order, and Exhibits.

17.     "Passport Application" means Form DS-11 Application for a U.S. Passport.

18.     "Person" or "persons" means natural person(s), trust(s), corporation(s) of all types, partnership(s) of all types, joint venture(s) of all types, unincorporated association(s) of all types, and all other entities or organizations of all types.

19.     "Plaintiffs" mean Dr. Roger C. S. Lin, Chien-Ming Huang, Chou Chang, Ching-Yao Hou, Chen-Hua Liu, Chen-Ni Wu, Yang-Lung Yang, Yao-Jhih Ye, Ching-Wen Yen, A-Chu YuChiang, and the Taiwan Nation Party.

20.     "PRC" means People's Republic of China.

21.     "ROC" means the Republic of China.

22.     "SFPT" or the "San Francisco Peace Treaty" means the Treaty of Peace with Japan, signed in San Francisco on September 8, 1951, by the Allied Powers and Japan, and entered into force on April 28, 1952. *See* 136 U.N.T.S. 46.

23.     "Taiwan" means the islands of Taiwan (formerly called "Formosa") and the Pescadores.

24.     "Taiwanese People" means natural persons who meet the following criteria: (1) being born of a mother and/or father who, as of October 25, 1945, was/were considered native to the areas of

Formosa and the Pescadores, including their descendants up to the present, and (2) currently having Household Registration in the areas of Formosa and the Pescadores.

25.    "TECO" means Taipei Economic and Cultural Office located in Atlanta, Boston, Chicago, Hagatna (Guam), Honolulu, Houston, Kansas City, Los Angeles, Coral Gables, New York, San Francisco, and Seattle.

26.    "TECRO" means the Taipei Economic and Cultural Representative Office located in Washington, D.C.

27.    "TRA" means the Taiwan Relations Act, 22 U.S.C. §§ 3301-3316 (2007).

28.    "USMG" means United States Military Government.

29.    "You" or "your" means or refers to Defendant (as defined above).


## DOCUMENT REQUESTS

Pursuant to the instructions and definitions set forth above, Defendant shall produce all non-privileged portions of the following Documents:

**Document Request No. 1:**  Any and all Documents, including any ratified treaties, that have modified or revoked any provisions of the SFPT.

**Document Request No. 2:**  All drafts of the SFPT.

**Document Request No. 3:**  All Documents authorizing General Douglas MacArthur to execute General Order No. 1.

**Document Request No. 4:**  All Documents confirming that General MacArthur was authorized by the President of the United States to sign General Order No. 1 on behalf of the United States.

**Document Request No. 5:**  All drafts of General Order No. 1.

**Document Request No. 6:** Any and all Documents that have modified or revoked any terms of General Order No. 1.

**Document Request No. 7:** All Documents confirming that the United States was and remains designated as the "principal occupying Power" of Formosa and Pescadores under the SFPT.

**Document Request No. 8:** All Documents interpreting and/or defining the phrase "principal occupying Power" as used in the SFPT, including all Documents describing why the United States was defined in the SFPT as the "principal occupying Power" of Formosa and Pescadores (*e.g.,* because the United States carried out all military attacks against (Japanese) Taiwan during the period December 1941 to the Fall of 1945, and, thus, was the "conqueror" of Taiwan).

**Document Request No. 9:** All Documents mentioning, concerning or pertaining to the United States acquiring or exercising sovereignty over any territory, land and/or people as a result of occupying and/or being an occupying power over such territory, land and/or people.

**Document Request No. 10:** All Documents pertaining to the United States acquiring or exercising sovereignty over any territory, land and/or people under the SFPT and/or General Order No. 1.

**Document Request No. 11:** All Documents concerning any and all prior or future planned or anticipated transfers of ownership and/or sovereignty and/or territorial title over Taiwan.

**Document Request No. 12:** All Documents pertaining to the ROC occupying Taiwan on behalf of (*i.e.,* as representative of) the Allied Powers, led by the United States.

**Document Request No. 13:** Any and all Documents, including treaties or other international agreements, under which the ROC and/or the PRC obtained any right, title or interest in, or sovereignty over Taiwan.

**Document Request No. 14:**  All Documents concerning whether or not the SFPT terminated the agency relationship between the Allied Powers, led by the United States, as principal, and the ROC, as agent.

**Document Request No. 15:**  All Documents discussing whether occupying a territory, land or people gives the occupying power sovereignty over the occupied territory, land and/or people, including any non-privileged documents mentioning the doctrine of "sovereignty held in trust" under the law of occupation, and the occupying power's fiduciary duty over occupied territory.

**Document Request No. 16:**  All Documents pertaining to whether Taiwanese People owe permanent allegiance to the United States, the "principal occupying Power" under the SFPT, until sovereignty over Taiwan is resolved or established.

**Document Request No. 17:**  All Documents pertaining to any country exercising *de jure* and/or *de facto* sovereignty over Taiwan since 1890.

**Document Request No. 18:**  All Documents identifying all foreign lands, territories and people over which the United States has exercised *de jure* and/or *de facto* sovereignty.

**Document Request No. 19:**  All Documents pertaining to the ROC exercising effective territorial control over Taiwan on behalf of the Allied Powers, led by the United States.

**Document Request No. 20:**  All Documents pertaining to the ROC exercising sovereignty over Taiwan on behalf of the Allied Powers, led by the United States.

**Document Request No. 21:**  All Documents pertaining to the issuance of United States passports or other travel documents to persons living or born in foreign territories or lands while occupied by the United States.

**Document Request No. 22:**    All Documents concerning the standards for the issuance of passports or other travel documents to non-U.S. citizen nationals by the AIT in Taiwan on behalf of the United States.

**Document Request No. 23:**    All Documents concerning or containing the AIT's policy and/or guidelines regarding the acceptance and/or processing of non-citizen national passport applications.

**Document Request No. 24:**    All Documents, including communications with the AIT, concerning the issuance of passports or other travel documents by AIT in Taiwan to any of the individual Plaintiffs and/or members of the Taiwan Nation Party.

**Document Request No. 25:**    All Documents, including communications with the AIT, concerning the non-issuance of passports or other travel documents by AIT in Taiwan to any of the individual Plaintiffs and/or members of the Taiwan Nation Party.

**Document Request No. 26:**    All Documents, including communications with the AIT, concerning not accepting applications for passports from any of the individual Plaintiffs, members of the Taiwan Nation Party, or other Taiwanese People.

**Document Request No. 27:**    All Documents pertaining to the issuance of United States passports or other travel documents by the United States in its capacity as the occupier of a foreign land or territory to persons born in, and/or the citizens of the occupied land or territory.

**Document Request No. 28:**    All Documents containing or concerning Defendant's declaration or statement that the post-Japanese surrender occupation of Taiwan has ended.

**Document Request No. 29:**    All Documents concerning the withdrawal and/or end of USMG jurisdiction over Taiwan.

**Document Request No. 30:**  All Documents regarding the United States' recognition of the legitimacy of any civil or other government functioning in Taiwan following any withdrawal or termination of the USMG jurisdiction in Taiwan.

**Document Request No. 31:**  All Documents concerning any involuntary mass naturalizations of Taiwanese People as ROC citizens following World War II *(i.e.,* October 1945 and thereafter).

**Document Request No. 32:**  All Documents pertaining to whether Taiwanese People are citizens of the ROC.

**Document Request No. 33:**  All Documents concerning or containing United States government pronouncements and/or determinations regarding the citizenship status of Taiwanese People since 1940.

**Document Request No. 34:**  All Documents pertaining to any and all meetings between the AIT and any of the individual Plaintiffs and/or any members of the Taiwan Nation Party.

**Document Request No. 35:**  All Documents concerning or containing Communications between AIT and any of the individual Plaintiffs and/or any members of the Taiwan Nation Party.

**Document Request No. 36:**  All Documents concerning or pertaining to any end to the United States' occupation of Taiwan.

**Document Request No. 37:**  All Documents concerning the United States Department of State's determination, if any, that MOFA is a competent authority to issue passports to Taiwanese People.

**Document Request No. 38:**  All Documents concerning the United States Department of State's determination, if any, that MOFA is a competent authority to issue passports to Taiwanese People born, living, studying, working, or traveling in the United States' fifty states and major insular areas, pursuant to MOFA's arrangements with TECRO and TECO.

**Document Request No. 39:**    All Documents, if any, concerning, containing or describing the United States' position on the right, if any, of the ROC government to govern Taiwan.

**Document Request No. 40:**    All Documents, if any, concerning, containing or describing the United States' position on whether the ROC's announcement on October 25, 1945 (so-called Taiwan Retrocession Day) that the sovereignty of Taiwan was transferred to the ROC on that day was an accurate announcement.

Respectfully submitted,

Charles H. Camp (D.C. Bar No. 413575)
LAW OFFICES OF CHARLES H. CAMP
1319 Eighteenth Street, N.W.
Washington, D.C. 20036
Telephone: (202) 457-7786
Facsimile: (202) 457-7788
E-mail: ccamp@charlescamplaw.com

**Counsel for Plaintiffs**

Date:  June 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I served via pre-paid First Class U.S. Mail the foregoing Plaintiffs' First Set

of Document Requests on the following counsel for Defendant this 26th day of June 2007:


Adam D. Kirschner
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044


_____
Charles H. Camp

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-1825 (RMC) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [Proposed] ORDER

This matter is before the Court on defendant's motion to stay the parties' obligations under Rule 26 until disposition of the pending motion to dismiss.  This Court has duly considered the motion and hereby,

GRANTS the motion, and

FURTHER ORDERS that the parties' obligations under Federal Rule of Civil Procedure 26 are hereby stayed until disposition of the pending motion to dismiss.

SIGNED and ENTERED this ____ day of _____, 2007.


_____
ROSEMARY M. COLLYER
United States District Judge