UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ROGER C. S. LIN, et al., )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>  Defendant. )<br>_____ ) | Civil Action No. 06-1825 (RMC) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY THE PARTIES' OBLIGATIONS UNDER RULE 26

Plaintiffs, through counsel, respond as follows to Defendant's Motion to Stay the Parties' Obligations under Rule 26:

### I.

### INTRODUCTION

This lawsuit was commenced with the filing of the complaint on October 24, 2006. The complaint was served upon the United States Attorney for the District of Columbia on October 25, 2006, and upon the United States Attorney General on October 31, 2006. On December 20, 2006, Defendant's counsel filed a Notice of Appearance. On January 12, 2007, Defendant filed a motion to dismiss the complaint to which Plaintiffs responded on February 16, 2007.

Out of an abundance of caution, taking into account arguments (erroneous and otherwise) raised in Defendant's motion to dismiss, Plaintiffs filed an amended complaint on March 19, 2007. On April 5, 2007, Defendant filed a motion to dismiss the amended complaint, which was opposed by Plaintiffs on April 19, 2007.

As set forth in Plaintiffs' February 16, 2007 and April 19, 2007, oppositions to Defendant's motions to dismiss the original and amended complaints, Plaintiff's complaint is well plead—and certainly not dismissable in whole or in part on the basis of the political question doctrine, or any other doctrine, espoused by Defendants.

## II.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(d), with certain exceptions, the parties are required to have a Rule 26(f) conference before discovery may commence. Under Rule 26(f), "The attorneys of record . . . are jointly responsible for arranging the [26(f)] conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Nothing whatsoever in Rule 26 indicates that the Rule 26(f) conference need not be held when a motion to dismiss is pending. Nevertheless, Defendant's counsel has refused to participate in a Rule 26(f) conference.

Likewise, without any exception for when a motion to dismiss is pending, under FRCP 16(b), a scheduling order "shall issue as soon as practicable but in any event within 90 days after the appearance of defendant and within 120 days after the complaint has been served on a defendant." As noted above, the complaint was served on the United States Attorney for the District of Columbia on October 25, 2006, and upon the Attorney General of the United States on October 31, 2006, and Defendant's counsel filed his Notice of Appearance on December 20, 2006.

In addition, numerous courts have held that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*,

1992 U.S. Dist. LEXIS 145, No. 92 Civ. 3200 (S.D.N.Y. 1992) (attached hereto as Exhibit A), quoted in *OMG Fidelity, Inc. v. Sirius Technologies, Inc.*, 239 F.R.D. 300, 304 (N.D.N.Y. 2006). As the *OMG Fidelity, Inc.* court noted,

> Courts confronted with requests for orders, principally under Rule 26(c) of the Federal Rules of Civil Procedure, prohibiting a plaintiff from engaging in discovery pending resolution of a dismissal motion generally apply an analysis [which] is distinctly different from the stringent test advocated by the defendant for evaluating plaintiff's motion for discovery. **When exercising the discretion conferred under Rule 26(c), in respond to a motion to stay discovery during the pendency of a dismissal motion, a court must determine whether the party seeking the stay has established the existence of 'good cause' for the requested delay.** Fed. R. Civ. P. 26(c); *Chesney v. Valley Stream Union Free Sch. District*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *Spencer Trask Software & Information Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). **The mere filing of a dismissal motion, without more, does not guaranty entitlement to such a stay.** *Id.*

(Emphasis added.)

In *Lotus Development Corp. Securities Litigation*, 875 F.Supp. 48, 51 (D. Mass. 1995), the district court was asked to "stay automatic disclosure [under Rule 26(a)(1)] until the motion to dismiss is fully briefed and decided, often a lengthy process." In denying defendants' motion to stay the parties' Rule 26 obligations, the Court reviewed the allegations of the complaint and held that, "This court concludes that the complaint is not so clearly deficient as to justify a stay of automatic disclosure, and, in due course, discovery." *Lotus*, 875 F.Supp. at 53.

In so holding, the *Lotus* court noted, "The problem with this approach [advocated by defendants] is that it carves out a whole exception to automatic disclosure that is not specifically contemplated in the text or committee notes" [of Rule 26]. . . . **The burden of**

**proof imposed on the party seeking a stay is a stiff one**. To create a full-blown procedure, or to make a stay more readily obtainable simply because there is a colorable motion to dismiss, would undermine the spirit of the new rule, and vindicate the critics who cried that the reform was bound to balloon motion practice by introducing new ambiguities that would be seized upon by lawyers trained to operate in an adversarial system." *Lotus*, 875 F.Supp. at 51 (emphasis added).

Likewise, in *Seaton v. Seaton*, 1997 U.S. Dist. LEXIS 12560 (E.D. Tenn. 1997) (attached hereto as Exhibit B), the plaintiff, like Defendant in this case, argued that "it is in the interest of economy and simplicity of litigation for this court to rule upon defendant's motion to dismiss/for summary judgment prior to plaintiff having to respond to any discovery requests. In other words, plaintiff is suggesting that the court stay discovery procedures pending resolution of defendant's dispositive motion. **Such a suggestion is contrary to the clear letter and spirit of the newly enacted provisions of Rule 26** . . . and should not be permitted in this case." (Emphasis added.)

Defendant has done nothing to carry its "stiff," *Lotus* at 51, burden to demonstrate that Plaintiffs' amended complaint has any chance of being dismissed in whole or in part that could possibly justify ignoring the clear mandates of Rules 16(b) and 26(f). Indeed, Defendant's Motion to Stay does not—and could not—argue that Plaintiffs' amended complaint is so "clearly deficient as to justify a stay of automatic disclosure, and, in due course, discovery." *Id.* at 53.

### III.

### CONCLUSION

For all of these reasons, Defendant's Motion to Stay should be denied. At a minimum, the Court should permit written discovery to commence while the Court considers Defendant's pending motion to dismiss the amended complaint.

Respectfully submitted,

_____
Charles H. Camp (D.C. Bar # 413575)
LAW OFFICES OF CHARLES H. CAMP
1725 Eye Street, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 349-3905
Facsimile: (202) 349-3906
Email: ccamp@charlescamplaw.com

**Counsel for Plaintiffs**

Date: July 26, 2007

**EXHIBIT A**

LEXSEE 1992 U.S. DIST. LEXIS 14568

**THOMAS MORAN and RON CIRIGNANO, Plaintiffs, -against- JOSEPH FLAHERTY, individually and as President of Local 1-2, Utility Workers Union of America, JOHN WALSH, and LOCAL 1-2, UTILITY WORKERS UNION OF AMERICA, Defendants.**

**92 Civ. 3200 (PKL)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**1992 U.S. Dist. LEXIS 14568**

**September 25, 1992, Decided
September 25, 1992, Filed**

**JUDGES:** [*1] Leisure

**OPINION BY:** PETER K. LEISURE

**OPINION**

### MEMORANDUM ORDER

LEISURE, *District Judge,*

This Court referred this action to United States Magistrate Judge Kathleen A. Roberts for general pretrial supervision, including supervision of discovery and resolution of nondispositive motions on August 7, 1992. On September 9, 1992, Judge Roberts issued an Order denying defendants' request to stay discovery pending the resolution of defendants' motion to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6), which is now pending before this Court. Judge Roberts' Order was subsequently amended by Order dated September 14, 1992. On September 23, 1992, this Court temporarily stayed discovery to permit defendants to file objections to Judge Roberts' Order. Defendants' objections and plaintiffs' opposition to those objections were received on September 24, 1992. For the reasons stated below, defendants' objections are overruled and Judge Roberts' Order is affirmed in whole.

When considering objections to an order issued by a magistrate judge concerning a nondispositive matter, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary [*2] to law." Fed. R. Civ. P. 72(a). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied,* 111 S. Ct. 132 (1990); 12 Wright, Miller & Elliot, Federal Practice & Procedure § 3076.5 (Supp. 1992).

An order is clearly erroneous when "'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (quoting *Agricultural Servs. Ass'n v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1071 (6th Cir. 1977)). Further, a magistrate judge's resolution of a discovery dispute deserves substantial deference. *See Thomas v. Hoffman-La Roche, Inc.*, 126 F.R.D. 522, 524 (N.D. Miss. 1989) (citing *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)); *Nikkal Indus., supra,* 689 F. Supp. at 189 ("a magistrate's report resolving [*3] a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.").

Addressing the appropriateness of a denial of a stay of discovery pending the resolution of a motion to dismiss, this Court does not find Judge Roberts' decision to be clearly erroneous. While it is clear that Fed. R. Civ. P. 26(c) provides authority for the Court to issue a stay of discovery pending the resolution of dispositive motions, *see, e.g., Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987), the issuance of a stay is not mandated by rule or decision. Rather, as noted by the Honorable Lawrence M. McKenna, United States District Judge, Southern District of New York, discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed. *In re Chase Manhattan Corp. Secur. Litigation*, 1991 U.S. Dist. LEXIS 6136, *1 (S.D.N.Y. May 7, 1991). Judge McKenna noted that the drafters of the Federal Rules of Civil Procedure, had they contemplated an automatic stay upon the filing

of a motion to dismiss, would have so provided. In deciding [*4] whether a stay should issue, a court must consider the stage of the litigation, the type of motion currently pending, and other case-specific factors in determining whether to grant a stay. *See Hachette Distribution, Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

In *In re Chase Manhattan Corp. Securities Litigation,* Judge McKenna denied defendants' motion to stay discovery pending the resolution of a motion to dismiss. Judge McKenna noted that even if a dismissal was granted, plaintiffs might thereafter successfully amend their complaint. Allowing discovery to go forward could move the action along toward a speedier resolution:

Should the complaint (or an amended complaint) be sustained . . . , commencement of the discovery process, while no doubt imposing some burden on defendants, will advance the ultimate disposition of this action.

1991 U.S. Dist. LEXIS 6136, *2.

In the case presented to this Court, plaintiffs' have in fact already indicated an intention to file a motion to amend the Complaint. *See* Letter of Arthur Z. Schwartz, Esq., dated September 22, 1992. It is therefore possible, [*5] if not likely, that plaintiffs will succeed in correcting any procedural defects that might otherwise support defendants' motion to dismiss. Mindful of the procedural posture of this motion, this Court cannot find that the Order of Judge Roberts was clearly erroneous. Judge Roberts' Order denying a stay of discovery is supported by law and is appropriate under the particular facts of this case.

### CONCLUSION

For all the foregoing reasons, defendants' objections are overruled and the Order of United States Magistrate Judge Kathleen Roberts, dated September 9, 1992, as amended by Order dated September 14, 1992, is affirmed in whole. This Court further directs that defendants shall comply with the document production requirements of Judge Roberts' Order by October 5, 1992, and that depositions shall be scheduled, at the mutual convenience of the parties, in an expeditious manner.

### SO ORDERED

Dated: September 25, 1992

New York, New York

Peter K. Leisure

U.S.D.J.

**EXHIBIT B**

LEXSEE

**LAUREL K. SEATON, Plaintiff, v. KENNETH M. SEATON, Defendant.**

**NO. 3:96-CV-741**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION**

**1997 U.S. Dist. LEXIS 12560**

**March 11, 1997, Filed**

**DISPOSITION:** [*1] Defendant's motion to compel [Doc. 6] DENIED.

**COUNSEL:** For LAUREL K SEATON, plaintiff: Jerrold L Becker, John D Lockridge, Jr, Samuel W Brown, Lockridge, Becker & Valone, PC, Knoxville, TN. Melvin J Werner, Werner and Associates, Kingsport, TN.

For KENNETH M SEATON, FAMILY INNS OF AMERICA, INC., KMS ENTERPRISES, INC., WILLIAM HOWARD, defendants: Perry P Paine, Jr, Paine, Garrett & Bray, Maryville, TN.

**JUDGES:** Thomas W. Phillips, UNITED STATES MAGISTRATE JUDGE. Jarvis.

**OPINION BY:** Thomas W. Phillips

**OPINION**

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 636(b) and the Rules of this Court, the Honorable James H. Jarvis has referred defendant's motion to compel [Doc. 6] to the undersigned for disposition or for a report and recommendation as may be appropriate [Doc. 9].

Defendant, Kenneth Marshall Seaton, has filed a motion to compel plaintiff, Laurel Knuckles Seaton, to answer defendant's first set of interrogatories and requests for production of documents and tangible things. Defendant asserts that plaintiff has filed suit alleging various causes of action, including violence against women, assault and battery, intentional infliction of emotional distress, false imprisonment, breach [*2] of fiduciary duty, fraud and conversion, and misrepresentation, for which she seeks damages from defendant, even though there has been pending between the same parties a divorce action in the Fourth Circuit Court for Knox County, Tennessee, styled *Laurel K. Seaton v. Kenneth M. Seaton,* Case No. 70086. This action was filed by plaintiff against defendant on August 23, 1995, almost one year to the day from the filing of the instant case in this court.

The only federal jurisdiction for this lawsuit in this court is alleged under 42 U.S.C. § 13981(e)(3), the "Violence Against Women Act," 28 U.S.C. § 1331, the "Federal Question" statute, with incorporated allegations under 28 U.S.C. § 1367, dealing with supplemental jurisdiction.

Defendant points out that he has filed a motion to dismiss, or in the alternative, a motion for summary judgment, on the grounds that this court lacks jurisdiction over the subject matter and the person of defendant, the complaint fails to state a claim upon which relief can be granted, that the Violence Against Women Act is unconstitutional because it is beyond the powers of congress under Article I, section 8 (commerce clause), and section 5 of the [*3] Fourteenth Amendment (equal protection clause) of the Constitution of the United States. As to the supplemental claims, defendant asserts, plaintiff raises novel and complex issues of state law. The state law claims substantially predominate over the claim of Violence Against Women Act matters and involve other compelling reasons for declining jurisdiction in that the state law claims fail to state a claim upon which relief can be granted. Defendant further asserts that the matters involved in this litigation are the subject of the prior divorce lawsuit and if they are not part of the state divorce proceedings, the applicable Tennessee statute of limitations would apply to bar the state claims (T.C.A. § 28-3-104(a)).

In conjunction with his motion to dismiss, or alternatively, for summary judgment, defendant served plaintiff with his first set of interrogatories and requests for production of documents and tangible things, which were

to be answered within 30 days after service, and the documents and tangible things were to be produced for inspection and copying at the offices of counsel for defendant at 2:00 p.m. on November 12, 1996. Plaintiff did not answer the interrogatories [*4] nor did she or any representative for her appear at the designated time for the production of documents and tangible things. No request or contact from plaintiff was made to counsel for defendant to reschedule her compliance to answer the interrogatories or produce the documents and tangible things, defendant asserts, and counsel for defendant states that he has complied with Rule 37(a)(2)(A), Federal Rules of Civil Procedure, prior to the filing of this motion.

Defendant argues that the material sought in the first set of interrogatories and requests for production of documents and tangible things is all relevant to the issues of jurisdiction, as well as to liability, does not seek any privileged materials, and only seeks to discover matters that are properly discoverable under the Federal Rules of Civil Procedure. In addition, defendant asserts, the matters sought in the discovery relate to the preliminary motion filed by defendant to dismiss or, alternatively, for summary judgment, and thus, are proper matters for discovery at this time pursuant to E.D.TN.LR 26.1(c)(3).

Defendant asserts further that complete and truthful responses by plaintiff to the discovery sought by defendant [*5] will bear directly on the questions of jurisdiction and the application of the supplemental jurisdiction claim by plaintiff in the complaint and will help the court resolve the preliminary motion filed by defendant to dismiss and/or for summary judgment.

Counsel for defendant advised plaintiff's counsel by letter at the time of service of the first set of interrogatories and requests for production of documents and tangible things, that the discovery related to the preliminary motion to dismiss, or alternatively, for summary judgment already filed, at which time defendant counsel also proposed both counsel have the meeting required by Rule 26(f), Federal Rules of Civil Procedure, but received no response to his letter from plaintiff's counsel. Accordingly, defendant requests this court for entry of an order compelling plaintiff to truthfully, completely and fully answer the interrogatories propounded to her and to produce for inspection and copying the documents and tangible things sought in defendant's first set of interrogatories propounded to plaintiff and requests for production of documents and tangible things [Doc. 6].

Plaintiff has responded in opposition, pointing out that [*6] on August 22, 1996, plaintiff initiated this action by filing a complaint which alleges that (1) defendant violated the Violence Against Women Act (VAWA), 42 U.S.C. § 13981, by engaging in felony crimes of violence against plaintiff motivated by gender and the defendant's perception of plaintiff's role as his wife, and (2) defendant also committed various state common law torts, including assault, intentional infliction of emotional distress, false imprisonment, fraud and conversion.

On September 10, 1996, defendant moved, pursuant to Rules 12(b) and 54(c) [sic], Federal Rules of Civil Procedure, for dismissal and/or summary judgment, on the grounds that the relevant statute, 42 U.S.C. § 13981, was unconstitutional, as being ostensibly beyond the powers of congress under article I, section 8 (commerce clause) of the United States Constitution. The defendant filed essentially no brief in support of his position, plaintiff asserts, but did include and incorporate into his motion one opinion by the United States District Court for the Western District of Virginia in *Brzonkala v. Virginia Polytech and State University*, 1996 WL 431097 (W.D. Va. 1996), which had found the VAWA [*7] unconstitutional. The defendant also moved to dismiss the pendent state law claims on the grounds that they predominated over the federal claim, and also moved for dismissal for failure to state a claim and for lack of personal jurisdiction. Defendant made no argument in support of the latter two grounds, plaintiff states, and in arguing for dismissal or summary judgment, defendant has relied exclusively on a lack of subject matter jurisdiction due to a purported constitutional infirmity in the VAWA.

On September 30, 1996, plaintiff filed her response to defendant's motion to dismiss/motion for summary judgment, which argues that this court does have subject matter jurisdiction to hear this cause, as the VAWA is constitutional. Plaintiff asserts that, in the interest of economy and simplicity of litigation, this court should rule upon defendant's motion to dismiss/motion for summary judgment, and the plaintiff's response thereto, prior to plaintiff having to respond to any discovery requests. The defendant has filed an expansive discovery request concerning each and every factual allegation of the complaint. Plaintiff asserts that none of the discovery is relevant to the threshold [*8] issue of this court's subject matter jurisdiction or the constitutionality of the VAWA. In addition, plaintiff asserts that although defendant does not appear actually to be relying on these arguments, the information requested far exceeds anything necessary for determination of the personal jurisdiction issue raised by the defendant.

Plaintiff also asserts that there is currently a discovery dispute between the parties in regard to the pending state divorce case, *Seaton v. Seaton,* Knox County Fourth Circuit Court No. 73174. The discovery requests in this case, which are the subject matter of defendant's motion to compel, are much more relevant to the state divorce action, plaintiff argues.

Plaintiff points out that Local Rule 26.1(c) provides that:

> Unless otherwise stipulated in writing by the parties or ordered by the court in a particular case, formal discovery under Fed. R. Civ. P. 30, 31, 33, 34, and 36 may not be commenced before the meeting of the parties under Fed. R. Civ. P. 26(f) except in the following cases:
>
> > (1) cases exempted under paragraph (d) of this rule from the requirement of a meeting of the parties;
> >
> > (2) cases in which a temporary restraining [*9] order or preliminary injunction is sought; and
> >
> > (3) cases in which discovery is needed to resolve a preliminary motion such as an objection to personal jurisdiction or venue.

As of the date of the filing of this response, plaintiff asserts, the parties have not held a Rule 26(f) meeting, no formal discovery plan has been determined, and the parties are not subject to a scheduling order from this court. In addition, plaintiff argues that under E.D.TN.LR 26.1(c), no conditions exist which would provide for the commencement of discovery. The defendant has not seriously raised an issue over personal jurisdiction or venue in this case, plaintiff asserts, both parties reside in this district, and many of the allegations contained in the complaint arise in this district, as these incidents occurred while the parties were married and were living together as husband and wife. Defendant's initial position in this litigation has been to mount a facial challenge to the constitutionality of the VAWA, plaintiff asserts, and the discovery requested is irrelevant to this threshold issue. Thus, plaintiff concludes, this court should overrule defendant's motion to compel [Doc. 8].

A hearing [*10] was held on defendant's motion to compel on Monday, March 10, 1997, at the conclusion of which the court held a Rule 16(b) scheduling conference and set this matter for trial. A scheduling order has been prepared, and is being filed simultaneously with this memorandum and order. This case has now been set for trial on **August 21, 1997.**

Although this case has been filed in federal court, alleging a cause of action under a federal statute (42 U.S.C. § 13981), both parties have totally ignored the Federal Rules of Civil Procedure. Rule 26(f), Federal Rules of Civil Procedure, provides that except in cases exempted by local rule (and the instant case does not fall within this exception), the parties shall, as soon as practicable and in any event at least 14 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), meet to discuss the nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by subdivision (a)(1), and to develop a proposed discovery plan. The attorney of record for all represented parties who have appeared in the case are [*11] jointly responsible for arranging and being present or represented at the meeting, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 10 days after the meeting a written report outlining the plan. The Rule 26(f) meeting has not been held, and neither side has requested the court to set the time and date for the Rule 26(f) meeting.

Rule 26(a), Federal Rules of Civil Procedure, is in full force and effect in the Eastern District of Tennessee. That rule, as well as Rule 26(f), is self-executing. That is, the court expects counsel for the parties to insure that the rules are followed. Both of these recent amendments to the Federal Rules of Civil Procedure were prompted in response to the Civil Justice Reform Act of 1990, and a major purpose of these provisions is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information. The Advisory Committee Notes accompanying the 1993 amendments direct that the rule should be applied in a manner to achieve those objectives. Advisory Committee Notes, 1993 amendments. These measures were intended to minimize the cost and [*12] the delay incidental to federal litigation and to promote the basic purpose of the Federal Rules of Civil Procedure--the just, speedy, and inexpensive determination of every action. Rule 1, Federal Rules of Civil Procedure.

The instant cause of action was filed in this court on August 22, 1996 [Doc. 1]. Defendant filed a motion to dismiss or in the alternative, motion for summary judgment, on September 10, 1996 [Doc. 3]. On October 14, 1996, defendant served his first set of interrogatories and requests for production of documents and tangible things, and plaintiff's response thereto was due on or about November 12, 1996. However, both Rules 33 and 34 stipulate that, without leave of court or written stipulation, neither interrogatories to parties nor requests for

Case 1:06-cv-01825-RMC    Document 22    Filed 07/26/2007    Page 13 of 16

Page 4
1997 U.S. Dist. LEXIS 12560, *

production may be served before the time specified in Rule 26(d), Federal Rules of Civil Procedure. Rule 26(d), Federal Rules of Civil Procedure, stipulates that except when authorized under the rules of civil procedure or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f).

It is apparent, therefore, [*13] that the parties must first schedule and hold their Rule 26(f) meeting before pretrial discovery methods may be utilized. *Certain Underwriters at Lloyd's, et al v. Frichelle Ltd.,* 1996 WL 125957 (E.D. La. 1996).

The reason for this requirement is, in large measure, because many of the matters sought in pretrial discovery procedures should be voluntarily provided by the parties as the result of the Rule 26(f) meeting. Rule 26(a)(1) requires the voluntary disclosure of the information and materials set forth in subparagraphs (A) through (D), and must be made within 10 days after the meeting of the parties under Rule 26(f).

A review of defendant's first set of interrogatories and requests for production of documents and tangible things, contrary to defendant's assertion, discloses that while the information requested appears to be relevant to the instant case, the requested information is not limited to information, documents, and tangible things related to defendant's motion to dismiss, or alternatively, for summary judgment. At the same time, there is no requirement under Rule 26(f), Rule 26(d), nor under Rule 26(a), Federal Rules of Civil Procedure, that the voluntary disclosure [*14] provisions of Rule 26(a) be restricted when a responding party files a dispositive motion under Rules 12 and/or 56, Federal Rules of Civil Procedure.

Plaintiff has asserted that it is in the interest of economy and simplicity of litigation for this court to rule upon defendant's motion to dismiss/for summary judgment prior to plaintiff having to respond to any discovery requests. In other words, plaintiff is suggesting that the court stay discovery procedures pending resolution of defendant's dispositive motion. Such a suggestion is contrary to the clear letter and spirit of the newly enacted provisions of Rule 26, Federal Rules of Civil Procedure, and should not be permitted in this case.

A similar argument was presented to the United States District Court for the District of Massachusetts in the case of *In re Lotus Development Corp. Securities Litigation,* 875 F. Supp. 48 (D. Mass. 1995), and the court ruled that to make a stay of discovery procedures more readily obtainable simply because there is a colorable motion to dismiss would undermine the spirit of the new rule. In that case, the parties did hold a Rule 26(f) meeting, a Rule 16(b) scheduling conference was held, and [*15] the defending party requested a stay of the automatic disclosure provisions of Rule 26(a)(1) because the defendants had filed a motion that the complaint be dismissed pursuant to Rule 9(b), Federal Rules of Civil Procedure, for failing to plead with specificity the alleged false and misleading public statements in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Proceeding with automatic disclosure and with pretrial discovery prior to the resolution of the pending motion, defendants argued, would impose on them unnecessary expense.

The district court rejected this position, however, because to do so would undermine the spirit of the new rule, and carve out a wholesale exception to automatic disclosure that is not specifically contemplated by the text or committee rules. *In re Lotus Development Corp. Securities Litigation,* 875 F. Supp. at 51.

This court agrees with the District Court for the District of Massachusetts that to stay automatic disclosure until a motion to dismiss is fully briefed and decided would undermine the spirit or Rule 26(a), and would carve out a wholesale exception to automatic disclosure that is not specifically contemplated [*16] by the text or committee notes. Plaintiff chose to file her cause of action in this court based upon alleged violations of the VAWA, 42 U.S.C. § 13981. Plaintiff must have believed that she had a good cause of action under this statute or she would not have filed her cause of action. There should be no impediment, therefore, precluding plaintiff from fully complying with the voluntary and automatic disclosure provisions of Rule 26(a)(1), Federal Rules of Civil Procedure.

Accordingly, the parties are DIRECTED to hold their Rule 26(f) meeting within ten (10) days from the date of this memorandum and order. The parties are further DIRECTED to make the required disclosures at or within ten days of the Rule 26(f) meeting. The parties are further DIRECTED to develop a proposed discovery plan at the Rule 26(f) meeting which shall cover the parties' views and proposals concerning the items set forth in subparagraphs (1) through (4), and shall submit to the court within ten days after the meeting a written report outlining the required plan.

Defendant's motion to compel [Doc. 6] is DENIED at this time. Once the parties have developed a proposed discovery plan, and they have complied with [*17] the voluntary and automatic disclosure provisions of Rule 26(a)(1), and if the information requested by defendant's first set of interrogatories and requests for productions of documents and tangible things are not provided voluntarily to defendant by plaintiff, defendant may then serve his first set of interrogatories propounded to plaintiff and requests for production of documents and tangible things upon plaintiff, and should plaintiff fail to timely respond

thereto, defendant may renew his motion to compel at that time.

**IT IS SO ORDERED.**

**ENTER:**

Thomas W. Phillips

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ROGER C. S. LIN, et al.,         )<br>                                                    )<br>     Plaintiffs,                            )<br>                                                    )<br>     v.                                         )<br>                                                    )<br>UNITED STATES OF AMERICA,  )<br>                                                    )<br>     Defendant.                           )<br>_____)  | Civil Action No. 06-1825 (RMC) |

## ORDER DENYING DEFENDANT'S MOTION TO STAY

THIS CAUSE came before the Court on Defendant's Motion to Stay the Parties' Obligations Under Rule 26 (the "Motion"). The Court having reviewed said Motion and considered all arguments of the parties, it is hereby:

ORDERED AND ADJUDGED that the Motion is denied, and further ORDERED that the parties shall be allowed to serve written discovery pending the Court's ruling upon Defendant's motion to dismiss the amended complaint. Upon the Court's denial of any or all of Defendant's motion to dismiss the amended complaint, all Rule 26(f) obligations of the parties shall be satisfied within thirty (30) days following such ruling by the Court on Defendant's motion to dismiss the amended complaint.

**DONE and ORDERED this** ___ **day of** _____ 2007.

_____
Honorable Rosemary M. Collyer
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing paper was served upon the following counsel for Defendant electronically via the Court's Electronic Case Filing system this 26th day of July 2007:

> Adam D. Kirschner, Esquire
> Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> P.O. Box 883
> Washington, D.C. 20044

_____
Charles H. Camp