UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIN, ET. AL, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-1825 (RMC) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
STAY THE PARTIES' OBLIGATIONS UNDER RULE 26**

Without responding to any of the specific reasons defendant presented in its opening brief for why discovery should be stayed in this case, plaintiffs rely on boilerplate language to assert that "numerous courts have held that 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" See Plaintiffs' Opposition to Defendant's Motion to Stay the Parties' Obligations under Rule 26 ("Pls.' Opp.") (quoting Moran v. Flaherty, 1992 U.S. Dist. LEXIS 145, No. 92 Civ. 3200 (S.D. N.Y. 1992) (attached as Exhibit A to Pls.' Opp.)). However, defendant has never claimed that merely filing its motion to dismiss should stay the parties obligations under Federal Rule of Civil Procedure 26.[1] Rather, as stated in its opening brief, defendant maintains that such a stay is appropriate and necessary because the

---

[1] Plaintiffs claim that "Defendant's counsel has refused to participate in a Rule 26(f) conference." See Pls.' Opp. at 2. However, considering that plaintiffs attempted to serve discovery prematurely on defendant prior to a Rule 26(f) conference, presumably plaintiffs desire to conduct such a conference so that they could effect service of their burdensome discovery requests. Because staying discovery, including the parties obligations under Rule 26(f), is the subject matter of this motion, defendant's counsel suggested waiting until this Court decides this present motion before proceeding with discovery, if necessary, because conducting such a conference would moot this motion.

motion to dismiss presents a jurisdictional question, the discovery sought by plaintiffs would not aid this Court in disposition of the motion to dismiss, and the discovery plaintiffs have proposed to serve on defendant is extremely burdensome.

## ARGUMENT

Plaintiffs do not address any of the cases cited by defendant from the Supreme Court or this district. Rather, plaintiffs rely on several cases from other jurisdictions that are distinguishable from the present one. Their reliance on OMG Gidelty, Inc. v. Sirius Technologies, Inc., 239 F.R.D. 300 (N.D.N.Y. 2006), is particularly misplaced. The question presented in that case concerned expedited discovery, and in opposition to the motion for expedited discovery, defendant asserted that it intended to file a motion to dismiss. Under that guise, the Court stated that "the mere filing of a dismissal motion, without more, does not guaranty entitlement to such a stay." Id. at 304. However, in this case, defendant has already filed a motion, with supporting legal authority, that asks this Court to dismiss this action. In any event, defendant meets the standard articulated by the OMG Court, which plaintiffs neglect to apply, for when a stay is necessary:

> Among the factors which inform the analysis of whether to grant a stay of discovery, in the face of a dispositive motion, are the burden of responding to the contemplated discovery, and the strength of the dispositive motion forming the basis for the stay request. The court must also consider any unfair prejudice which may be suffered by the party seeking to engage in discovery during the pendency of the dismissal motion.

Id. at 304-5 (internal citations omitted).

As explained in defendant's opening brief, the discovery contemplated by plaintiffs is extremely burdensome. See Defendant's Memorandum in Support of Defendant's Motion to Stay the Parties Obligations under Rule 26 ("Def.'s Mem.") at 2 n.1. Plaintiffs contemplated

serving defendant with forty documents requests, see Def.'s Mem., Exhibit 3, fifteen interrogatories, see Def.'s Mem., Exhibit 2, and twenty-nine requests for admission, see Def.'s Mem., Exhibit 1.

In addition, defendant's dispositive motion is well-grounded. Although plaintiffs claim that their "complaint is certainly not dismissable in whole or in part on the basis of the political question doctrine, or any doctrine, espoused by Defendants (*sic*)," they ignore that defendant has relied on long-standing Supreme Court precedent and explicit statutory language to explain why plaintiffs' complaint should be dismissed. For plaintiffs to prevail in this action this Court would have to declare the United States sovereign over Taiwan, see Pl. Am. Compl. at ¶ 69 (alleging that the "the United States is holding de jure sovereignty over Taiwan" and, accordingly, "the Taiwanese people owe permanent allegiance to the United States and have the status of United States nationals (as opposed to citizens)"), but the determination of who is sovereign of a territory is a non-justiciable political question. See Jones v. United States, 137 U.S. 202, 212 (1890) ("[w]ho is the sovereign, *de jure* or *de facto*, of a territory, is not a judicial, but a political, question") (citing cases as far back as 1818) (emphasis in original). Furthermore, plaintiffs' claim that they are "nationals (as opposed to citizens)" of the United States due to the mere fact that they are from Taiwan, see Pl. Am. Compl. at ¶¶ 6, 7, 69, 70, fails to meet the statutory definition of non-citizen nationals. See 8 U.S.C. § 1408(1) (defining a non-citizen national as a "person born in an outlying possession of the United States on or after the date of the formal acquisition of such possession") (emphasis added); 8 U.S.C. § 1101(a)(29) (defining "outlying possessions of the United States" as being "American Samoa and Swains Island").

Finally, plaintiffs will not suffer any undue prejudice should this Court stay discovery

pending resolution of the motion to dismiss. The motion has been fully briefed since April 30, 2007, and this discovery would not aid its disposition. See Modela v. New York Times Co., 137 F.R.D. 1 (D.D.C. 1990) (staying discovery in part because "the Court is not of the view that further discovery is necessary to sustain an opposition to the motion"). Furthermore, the Court has not set any discovery deadlines so plaintiffs are not faced with the potential of missing any of those deadlines. Plaintiffs also cannot claim that they have an urgency in receiving responses to their discovery requests because the time it takes to resolve a motion to dismiss is minimal compared to the time that plaintiffs have waited to bring a lawsuit based on a theory of how World War II ended. See Pl. Am. Compl. at ¶¶ 52, 53 (claiming that "[f]ollowing the Pacific War, Taiwan has been an occupied territory of the United States" and no legal instrument has changed that status). It has been more than six decades since World War II concluded.

      With regard to the other cases cited by plaintiffs, they are also distinguishable from the present case. First, the In re Lotus Development Corp. Securities Litigation, 875 F.Supp. 48, 52 (D. Mass. 1995) Court denied a motion to stay because "defendants have not persuaded this court that their motion to dismiss is a likely winner." In contrast, as explained above, the United States has presented strong arguments for why this action should be dismissed. Second, in Moran v. Flaherty, 1992 U.S. Dist. LEXIS 145, No. Civ. 3200 (S.D.N.Y.) at *4-*5 (attached as Exhibit A to Pls.' Opp.), the Court directed defendant to comply with the discovery requests because it was "possible, if not likely, that plaintiffs will succeed in correcting any procedural defect that might otherwise support defendants' motion to dismiss." But, in the present case, plaintiffs' amended complaint presents a non-justiciable political question, rather than merely a procedural defect. When a court is without jurisdiction, "the only function remaining to the

court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).  Finally, Seaton v. Seaton, 1997 U.S. Dist. LEXIS 12560 (E.D. Tenn. 1997) (attached as Exhibit B to Pls.' Opp.) has no application here because the party that sought a stay of discovery was actually the party that opposed the dispositive motion. Furthermore, the party seeking discovery in that case asserted that "the matters sought in the discovery relate to the preliminary motion filed by defendant to dismiss or alternately, for summary judgment, and thus, are proper matters for discovery at this time." See id. at *4.  In this case, plaintiffs do not allege, nor could they, that discovery is necessary to respond to the pending dispositive motion.

Accordingly, in the interest of judicial economy, this Court should stay discovery while the motion to dismiss is pending.  The discovery sought by plaintiffs is unduly burdensome, defendant has raised strong grounds for this Court to dismiss the case, and there is no undue prejudice to plaintiffs should discovery be stayed.  See OMG Gidelty, Inc. v. Sirius Technologies, Inc., 239 F.R.D. at 304-5.  Furthermore, as explained in defendant's opening brief, see Def's. Mem. at 3-4, staying discovery is particularly appropriate where, as in this case, the motion challenges the court's jurisdiction to hear some or all of the counts of the complaint.  See 8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2040 (2d ed. 1994) ("[A] a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved").

## **CONCLUSION**

For the reasons stated above and in its Memorandum in Support of Defendant's Motion to Stay the Parties' Obligations under Rule 26, defendant respectfully requests this Court to grant its motion to stay discovery pending disposition of defendant's motion to dismiss.

Dated: August 6, 2007               Respectfully submitted,

                                    PETER D. KEISLER
                                    Assistant Attorney General

                                    JEFFREY A. TAYLOR
                                    United States Attorney for the District of Columbia

                                    VINCENT M. GARVEY
                                    Deputy Director, Federal Programs Branch

                                    _/s/_____
                                    ADAM D. KIRSCHNER
                                    Trial Attorney
                                    U.S. Department of Justice
                                    Civil Division, Federal Programs Branch
                                    Mailing Address
                                    P.O. Box 883
                                    Washington, D.C., 20044
                                    Delivery Address
                                    20 Massachusetts Ave., NW., Room 7126
                                    Washington, DC 20001
                                    Telephone: (202) 353-9265
                                    Fax: (202) 616-8470
                                    Adam.Kirschner@usdoj.gov

                                    COUNSEL FOR DEFENDANT